UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CATHERINE T. SCHMIEGIEL,

                Plaintiff,        **1:15-cv-00205 (MAT)**

                                    **DECISION AND ORDER**

        -vs-

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,[1]

                Defendant.

---

## I. Introduction

Plaintiff Catherine T. Schmiegiel ("plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("defendant" or "the Commissioner") denying her application for disability insurance benefits ("DIB"). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's motion is denied and defendant's motion is granted.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

## II. Procedural History

Plaintiff protectively filed an application for DIB on August 31, 2011, alleging disability due to arthritis in the spine, cervical fusion, and cervical disc herniation. Administrative Transcript ("T.") 105-13. Plaintiff's application was denied on November 17, 2011, and she timely requested a hearing before an administrative law judge ("ALJ"), which occurred on February 22, 2013, before ALJ William M. Weir. T. 31-55, 63-68, 72-73. On August 22, 2013, ALJ Weir issued a decision in which he found plaintiff not disabled as defined in the Act. T. 16-30. The Appeals Council denied plaintiff's request for review on January 7, 2015, rendering the ALJ's determination the Commissioner's final decision. T. 1-3. Plaintiff subsequently commenced the instant action.

## III. The ALJ's Decision

Initially, the ALJ found that Plaintiff met the insured status requirements of the Act through December 30, 2015. T. 21. At step one of the five-step sequential evaluation, see 20 C.F.R. §§ 404.1520, 416.920, the ALJ found that plaintiff had not engaged in substantial gainful activity since February 24, 2011, the alleged onset date. *Id*. At step two, the ALJ found that plaintiff had the severe impairments of cervical spine disc herniation, status post anterior cervical discectomy and fusion at C5-6, and lumbar spine degenerative disc disease. *Id*. At step three, the

2

ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. *Id.* Before proceeding to step four, the ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. § 404.1567(a). T. 22. At step four, the ALJ found that plaintiff was unable to perform any past relevant work. T. 25. At step five, the ALJ found that, considering plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff can perform. *Id.* Accordingly, the ALJ found that plaintiff was not disabled. T. 26.

**IV. Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

Here, plaintiff makes the following arguments in favor of her motion for judgment on the pleadings: 1) the ALJ failed to give proper weight to plaintiff's subjective complaints of pain and 2) the ALJ improperly relied on plaintiff's reported activities of

3

daily living in finding her less than fully credible. For the reasons discussed below, the Court finds these arguments without merit.

**A. The ALJ Properly Considered Plaintiff's Subjective Complaints of Pain**

Plaintiff testified before the ALJ that she suffered from pain and numbness in her left arm and hand every day, which had caused her to drop items "like two or three times." T. 40, 45-46. Plaintiff also testified that she was able to sit for only 30 minutes before needing to stand and walk for 5 to 10 minutes to relieve her pain. T. 44-45. In his decision, the ALJ found these statements regarding the intensity, persistence, and limiting effects of her plaintiff's symptoms less than fully credible. T. 23.

**1. The ALJ Properly Considered Plaintiff's Subjective Complaint of Pain and Numbness in her Left Hand and Arm**

Plaintiff first argues that the ALJ was obligated to give great weight to her subjective complaints regarding pain and numbness in her left hand and arm because they were "well supported by the medical record." Docket No. 11-1 at 17. The Court disagrees.

In assessing plaintiff's subjective complaints of pain, the ALJ was required to consider them "in the context of the entire record." *Morseman v. Astrue*, 571 F. Supp. 2d 390, 396 (W.D.N.Y.

4

2008). "The ALJ's decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the [ALJ] gave to the individual's statements and the reasons for that weight." *Cichocki v. Astrue*, 534 F. App'x 71, 76 (2d Cir. 2013) (internal quotation omitted).

Here, the ALJ adequately explained his reasons for finding plaintiff's statements regarding her claimed left arm pain and numbness less than credible. Plaintiff claimed that her left arm was painful and numb "every day" (T. 40), yet Dr. Donna Miller, who performed a consultative examination of plaintiff, found that her grip strength was 5/5 bilaterally, her hand and finger dexterity were intact, and she had no limitations for handling and fingering. T. 460-61. The ALJ gave great weight to Dr. Miller's opinion, which is plainly inconsistent with plaintiff's subjective complaints. Moreover, on March 17, 2013, and March 29, 2013, plaintiff's treating physician, Dr. John Pollina, Jr., found that plaintiff had "excellent strength" bilaterally in her upper extremities. T. 769, 773. Notably, plaintiff told Dr. Pollina that she only experienced "occasional" left arm pain, with "some numbness and tingling" (T. 769), a statement that is clearly inconsistent with her testimony to the ALJ that such pain and numbness was an every day occurrence.

5

The ALJ's determination that plaintiff's claim regarding pain and numbness in her left arm and hand was not fully credible is well-supported by substantial evidence in the record. Accordingly, the Court finds no error.

### 2. The ALJ Properly Considered Plaintiff's Subjective Complaint Regarding her Ability to Sit

The ALJ also found that plaintiff's statements regarding her ability to sit were not fully credible. In particular, the ALJ noted that Dr. Miller had not identified any limitations in plaintiff's ability to sit, that the reports of plaintiff's treating physicians showed that plaintiff's back pain was significantly relieved with treatment, that an MRI performed on January 17, 2017 showed no signs of disc herniation, and that Dr. Pollina's sensory and motor examinations of plaintiff were normal. T. 24-25. The ALJ further noted that plaintiff testified she was able to ride in a car from her home in Lackawanna, New York, to Erie, Pennsylvania (a roughly 1.5 hour trip) to have lunch, and that she was only required to stop if she and her husband took "the scenic route." T. 25; *see also* T. 51.

The Court finds that the ALJ adequately explained his rationale for finding plaintiff's statements regarding her ability to sit less than credible. No physician opined that plaintiff had any restrictions in her ability to sit, and the medical evidence of record showed that plaintiff's back pain was responsive to treatment. Moreover, the Court agrees with the ALJ that

6

plaintiff's admission that she is able to ride in a car for 1.5 hours for purely recreational purposes (*i.e.* to go out for lunch) is inconsistent with her claim that she can only sit for 30 minutes before the pain requires her to stand and walk. *See, e.g., Claymore v. Astrue*, 519 F. App'x 36, 38 (2d Cir. 2013) (ALJ did not err is finding claimant was not credible in discussing his pain where he was able to "vacuum, travel by car, take out the trash, and wash dishes" and his pain medications "kept his pain under fairly good control").

In sum, and for the foregoing reasons, the Court finds that the ALJ's assessment of plaintiff's subjective complaints was appropriate and supported by substantial evidence. Accordingly, plaintiff has failed to demonstrate that remand is required.

**B. The ALJ's Assessment of Plaintiff's Credibility is Well-Supported by the Record**

Plaintiff's second and last argument is that the ALJ improperly relied on her activities of daily living in finding her less than fully credible. This argument is without merit.

"Because the ALJ has the benefit of directly observing a claimant's demeanor and other indicia of credibility, his decision to discredit subjective testimony is entitled to deference and may not be disturbed on review if his disability determination is supported by substantial evidence." *Hargrave v. Colvin*, 2014 WL 3572427, at *5 (W.D.N.Y. July 21, 2014) (internal quotation omitted). It is well-established that a claimant's daily

activities are an appropriate factor to consider in assessing credibility. *See, e.g., Crowley v. Barnhart*, 220 F. Supp. 2d 176, 180 (W.D.N.Y. 2002) (ALJ properly considered plaintiff's testimony that he did household chores and engaged in "day traveling" in discrediting his claim that he could stand for only 15-20 minutes at a time).

In this case, the ALJ explained that he found plaintiff less than credible because her subjective assessment of her functional limitations was unsupported by the reports of her treating physicians and inconsistent with her reported activities of daily living, and because plaintiff had made inconsistent statements regarding her capabilities. T. 24-25. In particular, the ALJ noted that plaintiff first claimed that she only drove "infrequently," before subsequently admitting to driving herself to therapy appointments twice per week and to the stores to shop, and that plaintiff had claimed to have extremely limited mobility such that she could not walk across a parking lot, yet she also testified that she was capable of walking a quarter mile for exercise every day. T. 25; *see also* T. 53-54. Contrary to plaintiff's argument, the ALJ did not give undue weight to plaintiff's reported activities of daily living in assessing her credibility. Instead, he properly considered them, along with numerous other factors, in reaching a determination that was consistent with the record as a whole.

Plaintiff argues that the ALJ erred because he did not take into account her "exemplary work history" and her consistent engagement in treatment. Docket No. 11-1 at 24. Plaintiff is correct that a positive work history bears positively on her credibility. "However, a positive work history is just one of many factors that an ALJ should consider in assessing credibility" and "[t]he fact that Plaintiff previously demonstrated a strong work ethic does not so significantly bolster [her] credibility as to overcome the other factors weighing against a finding that [her] testimony was entirely credible." *May v. Colvin*, 2014 WL 3546297, at *12 (W.D.N.Y. July 10, 2014) (internal quotation omitted). Moreover, "[f]ailure to expressly consider every factor set forth in the regulations is not grounds for remand where the reasons for the ALJ's determination of credibility are sufficiently specific to conclude that he considered the entire evidentiary record." *Judelsohn v. Astrue*, 2012 WL 2401587, *6 (W.D.N.Y. June 25, 2012).

"Credibility findings of an ALJ are entitled to great deference and therefore can be reversed only if they are patently unreasonable." *Andrisani v. Colvin*, 2017 WL 2274239, at *3 (W.D.N.Y. May 24, 2017) (internal quotation omitted). In this case, the ALJ adequately explained the rationale for his credibility determination, and the Court is able to conclude that he viewed the entire evidentiary record in doing so. Accordingly, remand is not warranted.

## V. Conclusion

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Doc. 11) is denied and the Commissioner's motion (Doc. 14) is granted. Plaintiff's complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

            **S/Michael A. Telesca**

            HON. MICHAEL A. TELESCA
            United States District Judge

Dated:  September 22, 2017
      Rochester, New York.